# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **D.H.C.**, *Plaintiff*, v. **Comm'r of SOCIAL SECURITY**, *Defendant*. | **CIVIL ACTION NO. 5:18-cv-00141-TES-CHW** |

## ORDER GRANTING IN PART PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees [Doc. 30] pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, following the remand of his claim for Social Security benefits. *See* [Doc. 28].

The EAJA provides that a prevailing plaintiff may recover attorney's fees incurred in a suit against the United States unless the position of the United States was "substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). On August 12, 2019, the Court remanded this action to the Commissioner for further proceedings, and "[a] claimant who obtains a court order remanding [his] Social Security claim to the Commissioner for further proceedings is a prevailing party for purposes of the EAJA." *Johnson v. Colvin*, No. 5:12–CV–460 (MTT), 2014 WL 657370, at *1 (M.D. Ga. Feb. 20, 2014) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993)).

Plaintiff, as the prevailing party, now requests attorney's fees in the amount of $7,982.52, reflecting 40 hours of work, plus $400.00 in costs, payable "directly to [his] counsel." [Doc. 30 at p. 1]; [Doc. 30-1 at p. 2]. The Supreme Court, however, has held that the prevailing party, not the prevailing party's counsel, is eligible to recover attorney's fees under the EAJA as part of the party's litigation expenses. *Johnson*, 2014 WL 657370, at *1 (citing *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010)); *see also Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509–11 (11th Cir. 1988) (recognizing that EAJA fees are awarded to the prevailing plaintiff, not his counsel, in accordance with the specific language of the EAJA). Following *Ratliff*, the Eleventh Circuit Court of Appeals has also affirmed that a plaintiff, not his attorney, is the "prevailing party" within the meaning of the EAJA. *Reeves v. Astrue*, 526 F.3d 732, 736–38 (11th Cir.2008) (citing *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) (concluding that the EAJA makes it clear that certain prevailing parties, not their attorneys, may recover attorney's fees when the Government's action was not substantially justified); *see also United States v. Adkinson*, 256 F. Supp. 2d 1297, 1318 (N.D. Fla. 2003) ("[T]he [EAJA] fee award belongs to the client, and the attorney has no independent right to the fee award under the EAJA."), *aff'd*, 360 F.3d 1257 (11th Cir. 2004) (per curiam).

Courts in this district have already recognized the *Reeves* court's statement that the EAJA statute "plainly contemplates that the prevailing party will look to the opposing party for costs incurred, while attorneys and other service providers must

look to the [prevailing] party for compensation for their services." *See, e.g.*, *Johnson*, 2014 WL 657370, at *1 (quoting *Reeves*, 526 F.3d at 736). Furthermore, *Ratliff* unequivocally acknowledges that until 2006, the Government "frequently paid EAJA fees in social security cases directly to attorneys." 560 U.S. at 597. But since 2006, the Government has continued the direct payment practice "only in cases where [a] plaintiff does not owe a [federal] debt . . . and [properly] assigns the right to receive the fees to [his] attorney." *Id.*

Here, Plaintiff submitted an "Assignment of Equal Access to Justice Act 'EAJA' [F]ees" agreement along with his Motion. [Doc. 30-5]. In this agreement, Plaintiff purports to "transfer and assign [his] rights and interests in any and all [EAJA fees] due and payable to [him] . . . to [his] attorneys, Pierre Pierre Law, P.C., in consideration of their services in representing [him] in federal court." [Doc. 30-5 at p. 1]. However, this agreement is ineffective. Unquestionably, EAJA awards belong to prevailing plaintiffs, *see Ratliff*, 560 U.S. at 593–94, and while it is true that attorney's fees awarded under the EAJA may be assigned, these awards are claims against the United States, and any assignment of them must satisfy the Anti-Assignment Act, 31 U.S.C. § 3727. Accordingly, assignments of claims against the United States are permitted only after (1) a claim is allowed; (2) the amount of the claim is decided; (3) a warrant for payment is issued; and (4) the assignment itself specifies the warrant, is made freely, and is signed by two witnesses. 31 U.S.C. § 3727(b); *see also Gooding v. Comm'r of Soc. Sec.*, No.

6:18-cv-348-Orl-37LRH, 2019 WL 5005435, at *2 (M.D. Fla. Sept. 20, 2019); *Gibson v. Colvin*, No. 4:03–cv–90, 2013 WL 2422611, at *6 (S.D. Ga. June 3, 2013). In addition to these four statute-based requirements, the person making the assignment "shall [also] acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment." 31 U.S.C. § 3727(b).

For the reasons stated below, the attempted "assignment" between Plaintiff and his counsel simply does not satisfy the Anti-Assignment Act. First, it was executed on April 19, 2018, six days before Plaintiff filed his Complaint against the Commissioner of Social Security. *Compare* [Doc. 1 at p. 4] *with* [Doc. 30-5 at p. 1]. Therefore, "assignment" was clearly not made "after a claim [for attorney's fees was] allowed." [Doc. 30-5 at p. 1]; *see also* 31 U.S.C. § 3727(b). In fact, it was made well before the Court awarded attorney's fees in this case under the EAJA and certainly before the Court determined the amount to be awarded. Second, and most notably, Plaintiff's "agreement" does not mention a warrant for payment, lacks two witness signatures, and fails to include any acknowledgment before an appropriate official as well as that official's certification. 31 U.S.C. § 3727(b). Accordingly, the Court must award the fees directly to Plaintiff, not to his counsel.

If the Government—in its discretion—later determines Plaintiff does not owe a debt to the United States, it may waive the Anti-Assignment Act's requirements and pay the EAJA fee award directly to Plaintiff's counsel. *See, e.g.*, *Gooding*, 2019 WL

4

5005435, at *2 (holding that "[t]he [G]overnment, though, may exercise its discretion to honor the assignment if it determines that . . . Plaintiff does not owe a debt to the government"); *Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (1992) (holding that the Government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses). Such decision, however, is for the Commissioner, not the Court.

Despite the unopposed nature of Plaintiff's Motion and Plaintiff's willingness to permit his attorney to receive the EAJA fees, there is nothing indicating (to the Court) that the Commissioner is aware of and has waived the defects in Plaintiff's purported assignment. *See generally* [Doc. 30-1]; [Doc. 30-2]. Assuredly, the Court is fully aware that Plaintiff's counsel is well-practiced as a social security disability attorney; however, an assumption that the Commissioner is aware of such obvious defects and omissions from the requirements of the Anti-Assignment Act is simply too reaching. [Doc. 30-2 at ¶ 10]. Without more, an order issuing the award of attorney's fees directly to Plaintiff's counsel would run afoul to the plain text of 31 U.S.C. § 3727 and the case law to which the Court is bound.

Therefore, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees [Doc. 30] in the amount of $7,982.52, plus $400.00 in costs, but **DIRECTS** that the money be paid directly to Plaintiff and not to his counsel. However, notwithstanding the Court's ruling in this Order, should the Government, after determining that Plaintiff does not owe a

5

federal debt, elect to exercise its discretion and waive the Anti-Assignment Act's requirements, the Court will leave to the parties the determination of to whom the EAJA fees shall be paid.

**SO ORDERED**, this 7th day of November, 2019.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURTS**